FRITH and others *vs.* CAMPBELL and others.

Where an action is instituted to prove a will, under the revised statutes, exe-
cuted according to the laws of this state, the original will being in the pos-
session of an English court of probate, and no defense is interposed, the
answers admitting the allegations of the complaint and joining in a prayer
for probate here ; and no trial has been had, no extra allowance can be made
in the judgment, to the attorneys appearing in the action.

As to the defendants' attorneys, in such a case, the court has no authority to
give any thing, except for costs ; and the plaintiffs being executors, and having,
in the execution of their duties as such, employed attorneys to prosecute the
suit, the estate must indemnify the executors for their necessary expenses, in-
cluding counsel fees reasonably and properly paid. And for such sum as
the attorney can establish at law as the value of his services, he has
his action against the executors.

The executors may pay their attorney such sum, therefor, as they are satisfied
will pass on the final settlement of their account.

But the court should not allow an amount which would be unreasonable if the
executors had paid it without the order of the court.

*Held,* in this case, that the plaintiffs, as executors, would not have been justified
in paying $3000 as counsel fees in an action to obtain the probate of an un-
contested will.

THIS action was brought by the above named plaintiffs
against the above named defendants, (who all, ex-
cepting Thomas S. Furniss and Edward Tozer, are the
heirs-at-law and personal representatives of Edward F.
Sanderson,) to have the will of the said Edward F. Sander-
son proved in this court as a will of real and personal
estate, under a commission to be issued for that purpose, as
provided by part 2, chapter 6, title 1, article 3, sections 78,
79, &c. (original §§, 63, 64, &c.) of the Revised Statutes,
marginal page 67, page 131 of the third edition. The
summons and complaint were served on the defendants,
S. E. Campbell and F. A. Johnson, on the 1st day of March,
1867, and they appeared by Robert B. Campbell, their
attorney. The other defendants all appeared voluntarily
by Frederic W. Stevens, their attorney, and all the defend-
ants answered, joining in the prayer of the complaint.

A commission was issued accordingly, directed to Geo.

J. Abbott, Esq. American consul at Sheffield, England, authorizing him to take proof of the execution of said will and codicil. Subsequently, the commission having been returned, duly executed, and the facts necessary to establish the validity of said will as a will of real and personal estate, appearing from the proofs taken under and by virtue of such commission, the court, at special term, declared adjudged, and decreed that such will was duly proved, as a will of real and personal estate within the state of New York; and that an exemplified copy thereof be recorded in the office of the clerk of this court; that such decree should be transmitted to the surrogate of Westchester county; that such surrogate record the same in his office and issue letters testamentary or of administration, with the will annexed thereon, in the same manner as upon wills duly proved before him.

By an amendment of the judgment it was further ordered, that the sum of $3000 be allowed to the plaintiffs' attorney, besides his costs to be taxed, and that the sum of $250 be allowed to each of the attorneys for the defendants, besides their several costs to be taxed, for the services rendered herein by the said respective attorneys, and that the several allowances and costs be paid out of the estate of the said Edward F. Sanderson, deceased.

The defendants appealed from the judgment.

*Robert B. Campbell,* for the appellants.

*G. M. Spier,* for the respondents.

*By the Court,* GEO. G. BARNARD, J. It is very clear that the allowances made in the judgment to the attorneys appearing cannot be upheld under the Code. There was no defense interposed, and of course there could be no trial had. The action was instituted to prove a will under the Revised Statutes, executed according to the laws of this

Frith *v.* Campbell.

state, the original will being in the possession of an English court of probate. The answers admitted the allegations of the complaint and joined in a prayer for probate here. Section 309 of the Code did not, therefore, apply. The allowances to the defendants' attorneys, must, therefore, of necessity be reversed. As to them the court had no authority to give any thing except for costs. The attorney for the plaintiffs had rendered valuable services; the plaintiffs are executors; the service has been performed upon the employment of the plaintiffs and in the execution of their duties as executors, and the rule undoubtedly is that the estate must indemnify the executors for their necessary expenses, including counsel fees reasonably and properly paid. (*Downing* v. *Marshall*, 37 *N. Y. Rep.* 380.) I think the amount allowed unreasonable. The plaintiffs, as executors, would not have been justified in paying $3000 as counsel fees in the action to obtain the probate of this uncontested will. The court should not allow an amount which would be unreasonable if the executors had paid it without the order of the court. The plaintiffs' attorney has his action against the executors for such sum as he can establish at law as the value of his services. The executors may pay their attorney such sum, therefor, as they are satisfied will pass on final settlement of their accounts. Instead of fixing an amount for the counsel fees of the plaintiffs' attorney, allowing what would be proper if the trust estate was to be removed from the plaintiffs' hands, it is best to reverse the order making these allowances and leave the attorney for the plaintiffs to establish his right in a more formal and recognized manner.

Order reversed, without costs.

[New York General Term, January 4, 1869. *Clerke, Ingraham* and *Geo. G. Barnard,* Justices.]